## WATERS *vs.* WHITAMORE.

Section 19 of title 4 of the revised statutes, relating to justices' courts, is still in force, notwithstanding the 43d section of the non-imprisonment act of 1831.

Hence, in order to obtain a summons, returnable in two days, under section 33 of the non-imprisonment act, the justice must be furnished with the same proof of the non-residence of the defendant as was required by the provisions of the revised statutes to authorize the issuing of a warrant against such defendant, and·in addition thereto the affidavit of the applicant for such summons should state that the cause of action is founded upon a claim arising on a contract, according to the provisions of section 31 of· said act.

Until such proof is made, the issuing of a short summons is wholly unauthorized, and the justice will acquire no jurisdiction of the case.

THIS action was commenced in a justice's court, to recover the sum of forty dollars and interest, alledged to be due and owing from the defendant to the plaintiff. The defendant was a resident of Madison county, and the action was commenced by a short summons, before a justice in Chenango county. No affidavit or other proof was made that the defendant was a non-resident of Chenango county, or that the cause of action was such that no warrant could legally issue therein against the defendant. The objection to the process was raised in the justice's court by the defendant, and overruled by the justice. The plaintiff recovered a judgment for the amount of his demand, in the justice's court, which was affirmed by the county court.

*By the Court,* CRIPPEN, J. By section 33 of the non-imprisonment act of 1831, it is provided that whenever by the provisions of section 30, of the same act, no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from its date ; which shall be served at least two days before the time of appearance mentioned therein ; and if such defendant be proceeded against otherwise, the justice *shall have no jurisdiction of the cause.*

By the provisions of the revised statutes, no person can be proceeded against by summons out of the county in which he

Waters *v.* Whitamore.

resides. (2 *R. S.* 160, § 13, *2d ed.*) The 17th section of the same act authorizes a justice of the peace to issue a warrant when the defendant is a non-resident; and section 19 enacts that in all cases, on application for a warrant, except where the suit is commenced by summons and the same is returned served by copy, the person applying shall by affidavit state the facts and circumstances showing the grounds of his application. Section 33 of the non-imprisonment act of 1831 substitutes the process of summons in the place of a warrant, against a non-resident defendant, in all cases where the body is not liable to imprisonment. The same section authorizes an attachment to issue in like cases. By section 43 of this act it is declared that all the provisions of title 4 of the revised statutes relating to justices' courts, not expressly repealed, and not inconsistent with the provisions of that act, shall be in full force and effect and apply to the provisions of said act so far as they relate to proceedings in justices' courts.

The question then arises, whether section 19 of title 4, above cited, is still in force or not. It is not expressly repealed by the provisions of the non-imprisonment act of 1831; neither have I been able to satisfy myself that this section is inconsistent with any of the provisions of that act. The same reasons still exist for requiring proof that the defendant is a non-resident of the county, before issuing a short summons, that existed under the provisions of the revised statutes in order to obtain a warrant. I have no doubt that section 19, of title 4, of the revised statutes, relating to justices' courts, remains in full force. This being so, it follows that in order to obtain a summons returnable in two days, under section 33 of the non-imprisonment act, the justice must be furnished with the same proof of the non-residence of the defendant as was required by the provisions of the revised statutes for the issuing of a warrant against such defendant; and in addition thereto the affidavit of the applicant for such summons should state that the cause of action is founded upon a claim arising on contract express or implied, according to the provisions of section 31 of said act. The same necessity exists for requiring this proof in the case

of a short summons, as exists for requiring it on the issuing of a short attachment against a non-resident defendant, under section 33. That section provides for the isssuing of a short summons and attachment. The summons is intended as a substitute for a warrant against a non-resident. I have no doubt that the issuing of such summons is wholly unauthorized, until the requisite proof is made. It can only be issued where the defendant is a non-resident, and against whom no warrant can issue. These facts however must first be established by the affidavit or proof of the party or his agent; otherwise it cannot be legally issued. Such proof is the foundation on which such process must rest; without it the magistrate cannot legally know that the applicant is entitled to a short summons. If issued in the absence of the necessary proof, the justice acts without authority, and against law. He acquires no jurisdiction of the case. In my judgment the reasoning of the court in the case of *Taylor* v. *Heath*, (4 *Denio*, 592,) is entirely decisive of this question. The opinion and judgment of the court in that case is approved and adopted in *Bennett* v. *Brown*, (4 *Comst.* 254,) which should be regarded as fully settling the question. It follows therefore that the judgment of the justice, and that of the county court, must be reversed with costs.

[CORTLAND GENERAL TERM, September 14, 1852. *Mason, Shankland, Gray* and *Crippen,* Justices.]