## WATERS *vs.* WHITTEMORE.

An action brought in a justice's court, against an attorney, to recover back money which it is claimed that he has taken from the plaintiff by charging illegal fees in bills of costs collected of him, is not to be regarded as an action of assumpsit based upon an implied promise.

It therefore is not an action for money due upon a contract, express or implied, within the meaning of the first section of the act of April 26, 1831, and consequently the provision of the act abolishing imprisonment for debt arising upon contract does not apply to the case, and a justice of the peace has no jurisdiction to issue a short summons, against a defendant residing out of the county.

But if such an action were to be regarded as based upon an implied promise, it is exempted from the operation of the provisions of the act of April 26, 1831, allowing a short summons, by the 2d and 30th sections of that act, on the ground that an attorney is a *public officer,* and that it is official misconduct in him to charge and receive more fees for any service than the statute allows.

A short summons cannot be issued, in any case, against a defendant who is a non-resident of the county, except when the plaintiff's demand arises on contract, express or implied.

THIS action was commenced before a justice of Chenango county, against the defendant, who was a resident of Madison county, to recover back the sum of about forty dollars which it was claimed that the defendant, who was an attorney, had taken from the plaintiff, by charging illegal fees in certain bills of costs which he had collected of the plaintiff. The gravamen of the complaint was in tort. The defendant, on the return day of the summons, raised the objection to the process

that a short summons could not issue in such a case, and asked to have the suit dismissed for that cause. This was refused, and the plaintiff recovered a judgment for the amount claimed, in the justice's court, which was affirmed, on appeal, by the county court. From the judgment of the county court the defendant appealed to this court.

*B. F. Rexford,* for the plaintiff.

*J. P. Whittemore,* defendant in person.

MASON, J. The 5th section of title 4, of art. 3d, of part 3d, of ch. 10th of the revised statutes, prohibits an attorney from receiving any other or greater fee or reward for any service than shall be allowed by law; and the 7th section of the same title makes the receiving of such fees a misdemeanor, and subjects the person guilty thereof to treble damages. (2 *R. S.* 651, § 7.)

I am of opinion, after a careful examination of the pleadings in this case, that this is not to be regarded as an action of assumpsit based upon an implied promise; and if so, then certainly it is not an action for money due upon a contract, express or implied, within the meaning of the first section of the act of April 26, 1831, and consequently the provision of the act abolishing imprisonment for debt arising upon contract does not apply to the case, and therefore the justice had no jurisdiction to issue a short summons. But if we hold it to be an action based upon an implied promise, then I am of opinion that the case is excepted from the provisions of the act of April 26, 1831, allowing a short summons. Sections 2 and 30 of that act seem very clearly to except this case. The 2d section excepts from the provisions of the act, non-residents of the state, &c., and also actions for fines or penalties, or on promises to marry, or for moneys collected by any public officer, or for any neglect or misconduct in officers or in any professional employment; and the 30th section provides that no execution against the body shall be issued by any justice of the peace,

upon a judgment rendered by him, for the recovering of money collected by a public officer, or for official misconduct or neglect of duty, or damages for misconduct or neglect in any professional employment. (*Laws of* 1831, *p.* 403, § 30.) And the 31st section prohibits any warrant from being issued in any case where, by the provisions of the 30th section, an execution cannot go against the body. Then comes § 33, under which the summons in this case was issued, which reads as follows: "Whenever by the provisions of the 30th section no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof," &c. (*Laws of* 1831, *p*, 403, § 33.) It will be seen, therefore, that the short summons cannot be issued in any case where a warrant could go under the 30th section of the act. Now it should be borne in mind that attorneys and solicitors are public officers. Lord Hardwicke said in the case of *Walmsley* v. *Booth*, (*Barn. Ch. R.* 478,) that attorneys and solicitors are to be considered as public officers; and the same is said by Chancellor Walworth in the case of *Merritt* v. *Lambert*, (10 *Paige*, 356.) The same was held in the court of dernier resort in this state in the case of *Wallis* v. *Loubat*, (2 *Denio*, 607.) Now it is misconduct in an attorney to charge and receive more fees for any service rendered than the statute allows; especially when the statute makes such act an indictable offense, as we have seen it does, and the attorney must be regarded as receiving his fees officially, as much so as a sheriff or any other officer. And if so, then the act of an attorney, in receiving illegal fees, is one of official misconduct; and I apprehend that it is because attorneys and solicitors are regarded as officers of the court, that our courts have been in the habit of granting relief against them by summary motion, treating the act as one of official misconduct in an officer of the court, and therefore to be redressed in a summary manner.

But again, it should be borne in mind that prior to the act of April 26, 1831, the summons could never go against a non-resident of the county. It was expressly provided by the 13th

Waters *v.* Whittemore.

section, (2 *R. S.* 227,) that no person shall be proceeded against by summons out of the county in which he resides, and by the 17th section of the same act the warrant is given.　This statute remains in full force except as the same may be affected by the 30th, 31st and 33d sections of the non-imprisonment act above referred to, and these provisions only apply to demands arising on contract, express or implied.　The short summons, therefore, cannot go in any case against a defendant who is a non-resident of the county, except when the plaintiff's demand arises on contract, express or implied, and not when it arises on contract in the class of cases above stated.　And if I am right in the construction which I have put upon this complaint, that it does not purport to be upon a demand arising on contract, then the short summons could not go in this case against the defendant, were he not an attorney of the court.　It follows, therefore, that the defendant's second objection before the justice was well taken, and the judgment of the county court and that of the justice must be reversed.

GRAY, J., and SHANKLAND, J., concurred.

CRIPPEN, J., voted for reversal, on the grounds and for the reasons stated in his opinion as reported in 13 *Barb.* 634.

Judgment reversed.

[TOMPKINS GENERAL TERM, September 11, 1855.　*Crippen, Gray, Shankland* and *Mason,* Justices.]