BERNHARD A. WENDE, Appellant, v. PATRICK W. BRADLEY and another, Respondents.

*Short summons under section 33 of non-imprisonment act (4 Edm. St., 472) — affidavit for — what must contain — when residence of plaintiff must be stated in.*

A justice of the peace has no jurisdiction to issue a short summons, under section 33 of the non-imprisonment act of 1831 (4 Edm. St., 472), without the affidavit required by section 19 of article 2, title 4, chapter 2, part 3 of the Revised Statutes.

The affidavit should state that the defendant is a non-resident ; that the cause of action arose upon contract, and facts showing that the defendant cannot be arrested under the provisions of the non-imprisonment act. It need not state that the plaintiff is a resident. If he is a resident, the justice has jurisdiction to issue the summons without taking security, even though the fact has not been proved before he issues the summons.

It is sufficient for the plaintiff to state in his affidavit that the cause of action arose upon contract, express or implied. It is not necessary that he should go into the particulars of his demand.

APPEAL from a judgment of the County Court of Erie county, reversing a judgment in favor of the plaintiff, recovered in a justice's court.

The action was begun by a short summons, as the defendants were non-residents of Erie county. On the return day of the summons, the defendant, before answering, raised various objections to the sufficiency of the affidavit on which the summons had been issued, which were overruled by the justice. The affidavit was as follows :

Erie County, *ss.:*

Bernhard R. Wende, being duly sworn, says that he has, as he verily believes, a good cause of action against P. W. Bradley and C. A. Canfield, contractors on the New York Central and Hudson river railroad, which cause of action arose upon contract, express or implied ; and deponent further says, that said cause of action is not for the recovery of money collected by them as a public officer, nor for official misconduct, or neglect of duty by them, nor for damages for misconduct, or neglect in any professional employment by them ; but according to the provisions of sections 30 and 31 of

chapter 300 of Laws of 1831, no warrant can issue against the said P. W. Bradley and C. A. Canfield; that the said Bradley resides in the county of Ontario, and that the said C. A. Canfield resides in the county of Steuben, and that they are non-residents of the county of Erie; and the said Bernhard A. Wende prays a short summons against the said Bradley and C. A. Canfield.

BERNHARD A. WENDE.

Sworn before me this 30th }
   day of June, 1874. }

WM. REARICK,
*Justice of the Peace.*

*Geo. W. Cothran*, for the appellant.

*C. F. Tabor*, for the respondents.

GILBERT, J.:

This court, in 1852, decided that the effect of section 43 of the non-imprisonment act of 1831, was to continue in force section 19 of article 2, title 4, chapter 2, part 3, of the Revised Statutes (2 R. S., 229); and that the affidavit required by that section is a prerequisite of the jurisdiction of a justice of the peace to issue a short summons, pursuant to section 33 of said act of 1831. (*Waters* v. *Whitamore*, 13 Barb., 634.) The rule of law stated in that case has been followed in numerous instances since, and the correctness of it assumed by elementary writers on the subject. (2 Wait's Law and Pr., 80.) Whatever our own views of the subject may be, it is too late to reopen the discussion of it. The principle *stare decisis* ought, on grounds of public policy, to be conclusive.

The requirement of section 19 of the Revised Statutes cited, is, that the affidavit shall "state the facts and circumstances within the applicant's knowledge, showing the grounds of his application, whereby the justice may the better judge of the necessity and propriety of issuing" the short summons.

The county judge reversed the judgment in this case upon two grounds, namely: First, that the affidavit did not show the residence of the plaintiff; and, second, that it stated no facts in reference to the plaintiff's claim, so that the justice could determine whether

his action was upon contract or not. These objections are extremely technical, and we must treat them accordingly. With respect to the first, it is sufficient to say that the residence of the plaintiff does not enter into the grounds of the application for a short summons; nor does the statute require any preliminary proof in respect to the residence of the plaintiff, except when the application is made by a non-resident plaintiff. When a resident plaintiff applies for a short summons against a non-resident defendant, all that the affidavit need contain, is a statement that the defendant is a non-resident, that the cause of action arose upon contract, and facts showing that the defendant cannot be arrested under the provisions of the non-imprisonment act. It is, no doubt, proper to state in the affidavit, that the plaintiff is a resident of the county, so that the justice may have evidence that it is not necessary for him to withhold the summons until security be given. But the legislature has not seen fit to make the exercise of the jurisdiction of the justice, in the case of a resident plaintiff, dependent upon preliminary proof that he is a resident, and it is not the province of the court to do so. If the justice issues a short summons in favor of a non-resident plaintiff, without receiving security, he acts without jurisdiction, and renders himself liable for the illegal act; and it will be a valid objection to the proceedings, in any stage thereof, when the fact appears. But if the plaintiff be in fact a resident, the justice has jurisdiction, although that fact has not been proved before he issues the short summons.

In other respects we think the affidavit contains all that the statute requires. It states particularly that the cause of action arose upon contract, express or implied. That is a statement of a fact, and not of a legal conclusion. It shows that the defendant is not sued for a tort; in which case the statute requires that he shall be proceeded against by warrant, but upon a contract. That accomplishes the object of the statute. And it would, as it seems to us, be quite superfluous to go into the particulars of the demand to enable the justice to decide that it sprang from a contract. Whether the demand arose upon a contract or a tort, is a fact within the plaintiff's knowledge, and can be proved by him directly, without the aid of a judicial determination. The affidavit also states that the cause of action is not for either of the causes men-

tioned in subdivisions 2, 3 or 4, of section 30 of the non-imprisonment act. Whether it was or not, was also a fact which was within the plaintiff's knowledge, and might be proved by him directly. It is neither necessary nor proper to go through the circumlocution of stating in detail how the cause of action arose, in order to prove that it was not for either of the causes mentioned in the subdivisions of section 30, referred to. Upon the merits we are satisfied that no error was committed by the justice.

For these reasons the judgment of the County Court must be reversed.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment reversed. ·