GEORGE CLARK, Appellant, v. ISAAC B. WELLINGTON, Respondent.

*Short summons — affidavit — when sufficient.*

Where a short summons was issued by a justice of the peace upon an affidavit of the plaintiff, stating that he had, as he believed, a good cause of action arising on contract against the defendant, "upon which, according to the provisions of the thirty-first section of the act to abolish imprisonment for debt, and to punish fraudulent debtors, no warrant" could issue, and that both plaintiff and defendant were non-residents of the county: *held*, that the affidavit was sufficient and the summons properly issued.*

Appeal from a judgment of the County Court of Greene county, reversing a judgment in favor of the plaintiff, recovered in a justice's court.

A short summons was issued in this action upon the following affidavit :

Greene County, *ss.*

George Clark being duly sworn, deposes and says, that he has, as he believes, a good cause of action arising on contract against Isaac B. Wellington, who is a resident of the city of New York, upon which, according to the provisions of the thirty-first section of the act to abolish imprisonment for debt and to punish fraudulent debtors, no warrant can issue against the said Isaac B. Wellington, and that the said George Clark is a resident of the county of Otsego, and not of the said county of Greene, and this deponent prays a short summons against the said Isaac B. Wellington, on giving security according to the statute.

                                                  GEORGE CLARK.

Sworn before me, this 16th ⎞
    day of June, 1873.        ⎠
                        William Salisbury,
                            *Justice of the Peace.*

* See *Wende* v. *Bradley, ante,* p. 513. — [Rep.

The defendant claims that the affidavit was insufficient, on the ground that it did not state facts and circumstances, but merely conclusions of the deponent.

*King & Hallock*, for the appellant.

*Jas B. Olney*, for the respondent.

BOOKES, J.:

The plaintiff's affidavit contained, as we think, all that was necessary to obtain a short summons. It stated that he had, as he believed, a good cause of action against the defendant arising on contract, "upon which, according to the provisions of the thirty-first section of the act to abolish imprisonment for debt and to punish fraudulent debtors, no warrant could issue;" and further, that both plaintiff and defendant were non-residents of the county. It is conceded that all requisite formalities were observed to authorize the proceeding by short process, in case it was sufficiently made to appear that the action, being on contract, was one for which no warrant could issue against the defendant. The point of objection is, that facts and circumstances should be stated in the affidavit showing that no warrant could issue. We are of the opinion that the general averment contained in the affidavit is sufficient, and is a compliance with the requirements of the statute. No warrant could issue for the cause of action stated, unless authorized by section 31 of the non-imprisonment act; and the affidavit averred, in terms, that according to the provisions of that section no warrant could issue in the case. On referring to the section cited, it would be seen in what cases a warrant might issue, and the affidavit averred that the plaintiff's cause of action was not either of them. In this way it was made clearly to appear that no warrant could issue; hence the proceeding by short summons was well authorized. In the case of *Waters* v. *Whitamore* (13 Barb., 634), there was no proof of non-residence, nor any proof that no warrant could legally issue; and all that was there decided was, that proof of those facts was requisite. So, in *Morgan* v. *House* (36 How., 326), there was no averment whatever, to the effect that no warrant could issue. These decisions have no application to

the case at bar. Here we have the distinct averment of fact, that the ground authorizing the issuing of a warrant did not exist, in the statement that according to the provision of the thirty-first section of the non-imprisonment act, no warrant could issue. This was equivalent to an averment negativing the grounds stated in the act giving the right to proceed by warrant. Nor is this conclusion at all in conflict with the rule, that to obtain a warrant against the person, or an attachment against property, facts and circumstances must be set forth as a basis for judicial action.

The judgment of the County Court should be reversed, and that of the justice affirmed.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Ordered accordingly.